**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES THOMAS TOMALA, | CASE NO. 1:09-cv-01600-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE ANY FEDERAL CLAIMS |
| v. | |
| TROY DAVIS, et al., | (Doc. 1) |
| Defendants. | RESPONSE DUE WITHIN 30 DAYS |

**Order**

**I.     Screening Requirement**

     Plaintiff James Thomas Tomala ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint that initiated this action on September 2, 2009, in the Sacramento Division of the Eastern District of California. The case was transferred to the Fresno Division on September 10, 2009.

     The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id. at 1949.

**II.     Summary of Complaint**

Plaintiff is currently incarcerated at the Sierra Conservation Center ("SCC") in Jamestown, California, where the events giving rise to this action occurred. Plaintiff names as Defendants: correctional lieutenant Troy Davis, appeals coordinator W. Semsen, secretary of CDCR Mathew Cate, warden Ivan D. Clay, and chief of inmate appeals N. Grannis. Plaintiff alleges the following.

Plaintiff received a CDC-128B Informational Chrono dated October 20, 2008, written by Defendant Davis. Defendant Davis wrote that Plaintiff was involved in a homosexual relationship with his cellmate, and recommending separation of the two inmates to prevent further occurrences of the behavior. Plaintiff however was not at the SCC, but was rather in the administrative segregation unit for an unrelated matter. Defendant Davis then re-wrote the chrono. Plaintiff filed a grievance against Defendant Davis. (Pl.'s Compl. 3-5.)

Plaintiff contends a violation of Plaintiff's First Amendment right to petition the government for redress of grievances, due process, defamation of character, respondeat superior liability, and intentional infliction of emotional distress. Plaintiff seeks monetary damages.

2

## III. Analysis

### A. Redress Of Grievances/Access To The Courts

Plaintiff contends that Defendant Semsen returned Plaintiff's grievance against Davis. Defendant Semsen allegedly refused to process the complaint as misconduct against a peace officer. Plaintiff contends that he appealed this decision, and Defendant Clay through his agent Chief Deputy Warden F. X. Chavez denied treating the complaint as a staff complaint. Plaintiff appealed this decision to the Director Matthew Cate. Defendant Grannis on behalf of the Director refused to process the complaint as a staff complaint. (Pl.'s Compl. 5-6.)

Inmates have a fundamental right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). For backward-looking claims such as that at issue here, plaintiff must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit. Id. at 413-14.

The first element requires that plaintiff show he suffered an "actual injury" by being shut out of court. Harbury, 536 U.S. at 415; Lewis, 518 U.S. at 351. The second element requires that plaintiff show defendant proximately caused the alleged violation of plaintiff's rights, the touchstone of which is foreseeability. Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981)); see Tahoe-Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency, 216 F.3d 764, 784-85 (9th Cir. 2000). Finally, the third element requires that plaintiff show he has no other remedy than the relief available via *this* suit for denial of access to the courts. Harbury, 536 U.S. at 415.

Plaintiff's allegations fail to state a cognizable access to the courts claim. Plaintiff's citation to Bradley v. Hall, 64 F.3d 1276 (9th Cir. 1995), is unavailing here. Prison officials are not to penalize a prisoner's access to the courts. Id. at 1279. However, Plaintiff fails to allege

3

any facts indicating that he was penalized as a result of his filing of prison grievances. Plaintiff also fails to allege the loss of any meritorious suit or action, thus failing to satisfy the actual injury requirement of an access to the courts claim. Defendants' alleged failure to categorize Plaintiff's complaint as a staff complaint is not sufficient to state a cognizable access to the courts claim. Plaintiff thus fails to state a cognizable claim against Defendants Semsen, Clay, Cate, and Grannis.

Additionally, a prison grievance is a procedural right only and does not confer any constitutional rights under the Due Process Clause. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to specific grievance procedure); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Defendants' failure to process Plaintiff's inmate appeal as a staff complaint is not sufficient to invoke the protections of the Due Process Clause.

**B.    Due Process**

Plaintiff contends that Defendant Davis's action in releasing a chrono that categorized Plaintiff as a homosexual violated his due process rights. The Court analyzes Plaintiff's claim under both the procedural and substantive components of the Due Process Clause.

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Plaintiff has not alleged any facts that would support a claim that he was deprived of a protected interest without procedural due process by Defendant Davis.

"To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), cert. denied, 117 S. Ct. 1845 (1997); see County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). Plaintiff has

4

not alleged any facts that would support a claim that his rights under the Fourteenth Amendment were infringed.

### C. Supervisory Liability

Under § 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). The Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S. Ct at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

Plaintiff fails to allege any facts that support a claim that Defendants Clay and Cate violated Plaintiff's constitutional rights. Plaintiff alleges that Defendants should have known of the violations occurring, and that their behavior was reckless deliberately indifferent. (Pl's Compl. 9-10.) However, their role as Warden and Director, respectively, is not sufficient by itself to state a cognizable § 1983 claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim in federal court. Iqbal, 129 S. Ct. at 1949. Accordingly, Plaintiff fails to state a cognizable claim against Defendants Clay and Cate under a supervisory liability theory.

### D. State Law Claims

Plaintiff alleges defamation by Defendant Davis and infliction of emotional distress by Defendants Davis, Semsen, Clay, and Cate. First, in order to state a cognizable state law claim against state actors, plaintiffs must plead compliance with California's Torts Claims Act. California v. Super. Ct. (Bodde), 32 Cal.4th 1234, 245 (2004); Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). Second, pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that

5

they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Because Plaintiff fails to state a cognizable § 1983 claim, the Court will not exercise supplemental jurisdiction over his state law claims.

**IV.     Conclusion and Order**

Plaintiff's complaint fails to state any claims against any defendants under § 1983. The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," L. R. 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114

6

1  F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims under § 1983;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first amended complaint curing the deficiencies identified herein; and

4. If Plaintiff fails to respond within thirty (30) days, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **April 5, 2010**              /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE