# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES THOMAS TOMALA,<br><br>Plaintiff,<br><br>v.<br><br>TROY DAVIS, et al.,<br><br>Defendants.<br>_____ / | CASE NO. 1:09-CV-1600-DLB PC<br><br>ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>(DOC. 11)<br><br>DISMISSAL COUNTS AS STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

**Screening Order**

**I.     Background**

Plaintiff James Thomas Tomala ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint that initiated this action on September 2, 2009, in the Sacramento Division of the Eastern District of California. The case was transferred to the Fresno Division on September 10, 2009. On April 5, 2010, the Court screened Plaintiff's complaint and dismissed it for failure to state a claim, with leave to file an amended complaint. On June 17, 2010, Plaintiff filed his first amended complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

1

1  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.
2  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been
3  paid, the court shall dismiss the case at any time if the court determines that . . . the action or
4  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §
5  1915(e)(2)(B)(ii).

6        A complaint must contain "a short and plain statement of the claim showing that the
7  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not
8  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
9  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing
10 *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual
11 matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*,
12 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

13 **II.**    **Summary of Amended Complaint**

14       Plaintiff is currently incarcerated at Sierra Conservation Center ("SCC") in Jamestown,
15 California, where the events giving rise to this action occurred.  Plaintiff names as Defendants:
16 warden I.D. Clay, Director of Corrections M. Cate, deputy warden F. X. Chavez, chief of inmate
17 appeals N. Grannis, CC II appeals coordinator W. Semsen, and lieutenant T. Davis.

18       Plaintiff alleges the following.  On October 20, 2008, Plaintiff refused to get on his knees
19 for the purposes of being searched by correctional officer M. Carpenter.  Plaintiff was then
20 escorted to the program office, where he was interviewed by a sergeant.  Plaintiff was placed into
21 administrative segregation by Defendant Davis.  A false and misleading 128-B chrono was
22 entered in Plaintiff's central file which indicated that Plaintiff is a homosexual and that he is
23 living with an inmate named Bement in a possible relationship.  Plaintiff contends this 128-B
24 chrono was a duplicate of a chrono filed against Plaintiff's cellmate Bement.  Plaintiff filed an
25 inmate grievance complaining of Defendant Davis's conduct.  The grievance was reduced to a
26 regular inmate grievance, not a staff complaint.

27       Defendant Davis reviewed Plaintiff's grievance on November 13, 2008 and upheld his
28 original action.  Defendant Davis also noted that Plaintiff had made a verbal threat in front of

2

1 several CDCR staff about not submitting to a clothed body search by correctional officer M. Carpenter.

Plaintiff contends that Defendants Semsen, Chavez, Grannis, and their supervisors, warden Clay and director Cate, screened out Plaintiff's staff complaint improperly.  Plaintiff contends that his right to redress by way of inmate grievance was chilled because his complaints were screened out.  Plaintiff further contends that the order by correctional officer M. Carpenter to get to his knees for a search was "arbitrary, capricious, not authorized by any CDCR rule, regulation, policy & procedure, not for any valid reason that truly or otherwise legitimately served any legally recognized penological purpose, and deliberately indifferent of and contradicted by Plaintiff's known medical conditions and permanent disability."

Plaintiff alleges violation of the First, Fourth, Eighth, and Fourteenth Amendments. Plaintiff requests as relief compensatory and punitive damages, and provide injunctive relief in the form of preventing retaliation against Plaintiff.

### III.     Analysis

#### A.     First Amendment - Retaliation

Plaintiff alleges retaliation.  Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges no facts that support a retaliation claim, as Plaintiff alleges no protected First Amendment conduct that Defendants took adverse action against.  Plaintiff's grievances being screened out is not a sufficiently adverse action to chill Plaintiff's grievances.  Plaintiff's exhibits submitted in support indicate that though his appeal was treated as a regular appeal, it

3

1  received responses at the first, second, and Director's level of review.  (Pl.'s First Am. Compl.,
2  Ex. A.)  Thus, there was no chilling of Plaintiff's right to file inmate grievances.

### B.   Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff alleges no facts that support an Eighth Amendment claim.  Plaintiff claims some sort of medical issues, but fails to indicate what those medical issues are.  Plaintiff also fails to allege any facts that indicate prison officials knew of and disregarded a substantial risk of serious harm to Plaintiff.

### C.   Fourth Amendment

The Fourth Amendment protects against unreasonable search and seizure.  The reasonableness of a search by prison officials is analyzed in light of the factors of *Turner v. Safley*, 482 U.S. 78 (1987).  *Thompson v. Souza*, 111 F.3d 694, 699 (9th Cir. 1997).  Plaintiff alleges that ordering Plaintiff to his knees for a search was "arbitrary, capricious, not authorized by any CDCR rule, regulation, policy & procedure, not for any valid reason that truly or otherwise legitimately served any legally recognized penological purpose, and deliberately indifferent of and contradicted by Plaintiff's known medical conditions and permanent disability."  Plaintiff's allegations regarding the unreasonableness of the clothed body search are conclusory.  *Iqbal*, 129 S. Ct. at 1949-50.  Plaintiff thus fails to state a Fourth Amendment claim.

27  ///
28  ///

**D.     Fourteenth Amendment - Due Process**

A prison grievance is a procedural right only and does not confer any constitutional rights under the Due Process Clause. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to specific grievance procedure); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Defendants' failure to process Plaintiff's inmate appeal as a staff complaint is not sufficient to invoke the protections of the Due Process Clause. Plaintiff thus fails to state a cognizable due process claim regarding his prison grievances.

Plaintiff also contends a violation of liberty when he was confined to administrative segregation ("ad seg") by Defendant Davis. The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of segregation. *See Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983), *abrogated in part on other grounds*, *Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests created by state law are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Here, Plaintiff fails to allege how his placement in ad seg was an atypical and significant hardship in relation to the ordinary incidents of prison life.

Even assuming Plaintiff has alleged a liberty interest, Plaintiff fails to demonstrate that his placement in ad seg violated any federal or constitutional rights. Plaintiff needs to only be provided with notice and reason for his placement in ad seg, and to have an opportunity to respond. *Hewitt*, 459 U.S. at 476. Plaintiff appears to have received adequate due process for his ad seg placement as he was taken to the program office and interviewed regarding his refusal to comply with a search, prior to his placement in ad seg.

Plaintiff's contention that the 128-B chrono contains false information also fails to state a cognizable due process claim. The chrono was apparently corrected later to reflect a lack of proof regarding Plaintiff's sexual orientation. It is unclear what liberty interests are present regarding this particular 128-B chrono. Plaintiff's placement in ad seg concerned his refusal to cooperate with a search, for which Plaintiff was apparently provided notice and an opportunity to

5

be heard.

### E. Supervisory Liability

The Supreme Court recently emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each Defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. *Id.* at 1948-49. Thus, a supervisor is only liable for constitutional violations by subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted).

Here, Plaintiff has failed to allege any constitutional violations by any subordinate Defendants. Thus, Defendants Clay and Cate are not liable for any actions by their subordinates.

## IV. Conclusion And Order

Plaintiff fails to allege any claims against any Defendants. Plaintiff was previously provided with the opportunity to amend his complaint, curing the deficiencies identified, but failed to do so. Plaintiff will thus not be granted further leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Accordingly, it is HEREBY ORDERED that:

1. This action is DISMISSED with prejudice for failure to state a claim upon which relief may be granted; and

2. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated: **December 2, 2010**        /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE